Plaintiff's Name  JASON SMITH

Prisoner No.  AD-8099

Institution  CORRECTIONAL TRAINING

FACILITY; P.O. BOX 689; SOLEDAD

CA 93960-0689

Number of pages  14

Received on  11-24-25

Scanned/emailed on  11-24-25

by  Martinez  at  CTF

for the Northern District of California.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

JASON SMITH

*(Enter your full name)*

V.

M. LOMELI, DOES 1-5, et

al.,

*(Enter the full name(s) of all defendants in this action)*

Case No.  5:25-cv-10190 SVK

*(Provided by the Clerk upon filing)*

**FILED**

Nov 25 2025

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**COMPLAINT BY A PRISONER
UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*You must exhaust the remedies available at your institution before your claim(s) can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement  CTF-C; P.O. BOX 689; Soledad, CA 93960

B. Is there a grievance procedure in this institution?  ☒ YES          ☐ NO

C. If so, did you present the facts in your complaint for review through the grievance procedure?
☒ YES          ☐ NO

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1.   Informal appeal:  N/A

   2.   First formal level:  N/A

    3.    Second formal level: <u>Appeal Log No. 778534</u>

    4.    Third formal level: <u>Appeal Log No. 778534</u>

**E.** Is the last level to which you appealed the highest level of appeal available to you?
    ☒ **YES**       ☐ **NO**

**F.** If you did not present your claim for review through the grievance procedure, explain why.

    <u>N/A</u>

## II. Parties.

**A.** If there are additional plaintiffs besides you, write their name(s) and present address(es).
    <u>Jason Smith; CTF-Central; P.O. BOX 689; Soledad, CA 93960</u>

**B.** For each defendant, provide full name, official position and place of employment.
    <u>M. Lomeli is a Prison Guard employed with the CDCR Central</u>
    <u>Regional K-9 Unit at the Department of Adult Institution</u>
    <u>("DAI"), at P.O. BOX 942883, Sacramento, CA 94283</u>

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

    <u>See Attached Complaint</u>

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Plaintiff requests Declaratory and Injunctive Relief. Plaintiff also requests Compensatory, Nominal, Punitive and other Damages including Attorney Fees and Appointment of Counsel.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 11/24/25
Date

Jason Smith
Signature of Plaintiff

Jason Smith CDCR# AD-8099

Correctional Training Facility

P.O. BOX 689

Soledad, CA 93960-0689


Plaintiff, In Pro Se


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA


JASON SMITH,
        Plaintiff,

        v.

M. LOMELI, DOES 1-5, et al.,
        Defendants.
_____/

Case No.


COMPLAINT

Violation of 42 U.S.C. 1983

(DEMAND FOR JURY TRIAL)


I.

JURISDICTION


1. This court has jurisdiction pursuant to Title 28 U.S.C. 1331 and 1367, the individual named-Defendants are the persons who violated Plaintiff's State and Federal constitutional rights, deliberately levying reprisals against prisoners for taking part in protected conduct constitutes a First amendment violation. These violations by the named-Defendants deprived plaintiff of federally guaranteed rights under color of law, in contravention of clearly established laws. Plaintiff also seeks declaratory judgment pursuant to 28 U.S.C. 2201.

1

## II.

## VENUE

2. Venue is proper in this court pursuant to Title 28 U.S.C. 1391(b)-(2), as substantial part of the events or omissions giving rise to the claims made herein occurred in this disrict.

## III.

## PARTIES

3. PLAINTIFF, JASON SMITH ("Plaintiff"), was at all times relevant to this action a prisoner confined in the California Department of Corrections and Rehabilitation ("CDCR"), and is currently confined at the Correctional Training Facility ("CTF"), in Soledad, California.

4. DEFENDANT, M. LOMELI ("Lomeli"), was at all times relevant to this action a Prison Guard employed with the CDCR and was a state actor (acting under color of law). Lomeli was legally responsible for, but not limited to, ensuring compliance with both state and federal laws with respect to the safety and security of prisoners he oversees. Lomeli knowingly, unlawfully, and with specific intent and evil motive violated Plaintiff's right by levying reprisals against Plaintiff for taking part in protected conduct. Lomeli is personally responsible for the property damage and unconstitutional injuries sustained. Lomeli is being sued in his individual capacity.

5. DOES 1-5, Plaintiff is presently unaware of the true names and capacities of the Defendant DOES 1 through 5 (DOES 1-5), and they are

2

sued under said ficitious names. DOES defendants 1-5 are currently be-sued in their individual capacities. DOES 1-5, at all times relevant to this action, were employees of the CDCR and was state actors (acting under color of law). DOES 1-5 were legally responsible for, but not limited to, ensuring compliance with both state and federal laws with respect to the safety and security of prisoners they oversees. DOES 1-5 knowingly, unlawfully, and with specific intent and evil motive violated Plaintiff's First Amendment rights by, acting in concert with Lomeli in levying reprisals against Plaintiff for taking part in protected con-duct. DOES 1-5 are personally responsible for the property damage and constitutional injuries sustained.

IV.

FACTUAL ALLEGATIONS

6. PLAINTIFF incorporates all allegations in paragraphs 1 through 5 above as though they were stated fully herein.

7. On July 24, 2025, CTF-Central conducted a mass search of CTF-Central C-Wing housing unit, in coordination with the CDCR Central Regional K-9 Unit. Plaintiff was subsequently instructed to line up and face the wall in the CTF-C corridor with about ten (10) other incarcerated persons ("I/P").

8. Plaintiff and the other ten (10) I/Ps were then instructed by K-9 handler Defendant Lomeli to: "stay facing the wall, place our hands to our sides, palms facing backwards, be ready for the dog to make contact with us, and don't move when the dog touches us, or else he (Lomeli)

3

would take that movement as a sign of aggression."

9. Plaintiff immediately stated, loudly, "those dogs are **NOT ALLOWED** **to** intentionally touch us!" Lomeli stated "face the wall and be quiet!" Plaintiff complied.[1]

10. Lomeli then proceeded to purposefully, intentionally direct his canine to make contact with Plaintiff and the other ten (10) I/Ps, for which include, but was not limited to: instructing and directing his canine to place its nose on Plaintiff's backside, lick Plaintiff's hands, place his paws on Plaintiff's feet, etc., multiple times.

11. At the conclusion of the unconstitutional passive air scan search, Plaintiff turnt around and immediately told K-9 handler Defendant Lomeli: "I'm going to 602 you about this search!" Lomeli then asked Plaintiff: "What cell are you housed in?" Plaintiff stated "223." Lomeli replied "we're going to fix you!"

12. While walking off, Plaintiff conveyed his concerns to the Search Commander Facility Lieutenant J. Marquez about the unconstitutional passive air scan searches.

13. Finally, on July 24, 2025, at the completion of the mass search at about 1:30 p.m., Plaintiff and other C-Wing housing unit I/Ps were permitted to enter our cells. Plaintiff immediately observed his cell

---

[1] Title 15 3287(d)(2)(A) specifically states: While inadvertent contact is a possibility, the handler shall not instruct the canine to contact the incarcerated person.

was left in disarray and later found that legally obtained MP3 Player significantly damaged by a search that was conducted in retaliation by K-9 handler Defendant Lomeli and DOES 1-5.

14. Plaintiff immediately went to the CTF-Central Unit II Program Office and requested that the Unit II Sergeant come and capture picture documentation of Plaintiff's cell.

## V.

## CAUSE OF ACTION

## COUNT 1

**DEFENDANTS LOMELI AND DOES 1-5 KNOWINGLY AND WITH CALLOUS DISREGARD TO PLAINTIFF'S FIRST AMENDMENT RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCE, LEVIED REPRISALS AGAINST PLAINTIFF.**

15. PLAINTIFF incorporates all allegations in paragraphs 1 through 14 above as though they were stated fully herein.

16. The named-Defendants implemented a "Chilling Effect" and sought to dissuade Plaintiff from utilizing the established CDCR grievance process, for which did NOT advance any legitimate correctional goals.

17. The named-Defendants retaliated against Plaintiff by leaving his cell in disarray and significantly damaging his legally obtained MP3 Player simply because Plaintiff threatened to submit a grievance against Lomeli for failure to adhere to Title 15 3287(d)(2)(A).

5

18. The named-Defendants' actions were and continue to be intentional, willful, malicious, retaliatory, and was done with reckless disregard to the rights of Plaintiff.

VI.

ADMINSTRATIVE EXHAUSTION

19. PLAINTIFF incorporates all allegations in paragraphs 1 through 18 above as though they were stated fully herein.

20. Except for adminstrative grievances, other complaints and notifications, prison officials deliberately refused to respond to a part of their subterfuge (Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir.), Plaintiff has exhausted available remedies up to and including the Director's level.

VII.

DECLARATORY RELIEF ALLEGATION

21. PLAINTIFF incorporates all allegations in paragraphs 1 through 20 above as though they were stated fully herein.

22. A present and actual controversy exist between Plaintiff and the herein named-Defendants concerning rights and respective duties. Plaintiff alleges that the named-Defendants have violated his First Amendment rights. Plaintiff is informed and believes and thereon alleges that the named-Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

INJUNCTIVE RELIEF ALLEGATION

23. PLAINTIFF incorporates all allegations in paragraphs 1 through 22 above as though they were stated fully herein.

24. No plain adequate or complete remedy at law is available to Plaintiff to address the wrongs alleged herein. If the Court does not **GRANT** injunctive relief sought, Plaintiff will be irreparably harmed.

PRAYER FOR RELIEF

1. For an Order enjoining the named-Defendants from engaging in the unlawful conduct in the Complaint. That is, for the named-Defendants to refrain and abstain from engaging in/or subjecting Plaintiff to ANY conceivable reprisals for having filed this instant civil rights complaint, such as, but not limited to, unwarranted cell searches, cell moves, transfers, and other like actions of which have not been provoked by Plaintiff violating any rules, regulations or laws;

2. For an Order Granting other Injunctive relief as may be deemed necessary;

3. For an Order Granting Declaratory relief as may be deemed appropriate;

4. Compensatory damages;

5. Nominal damages;

7

6. Punitive damages;

7. Appointment of Counsel as Plaintiff is a lay-person and unskilled at law and is compelled to seek the assistance of fellow prisoners who are also lay-person at the law;

8. Costs of suit incurred herein;

9. Attorney's fees and costs; and

10. An Order directing the U.S. Marshal to serve the named-Defendants including waiver of any and all processing/service fees

Executed this __24__ day of November, 2025, at the Correctional Training Facility, Soledad, California.

/s/ Jason Smith

8

# VERIFICATION

Pursuant to 28 U.S.C. §1746, I read the foregoing Civil Rights complaint and declare under penalty of perjury that all statements made herein are true and correct to the best of my knowledge, information and belief.

Signature of Declarant: _____

Number of pages ___14___
Received on ___11-24-25___
Scanned/emailed on ___11-24-25___
by ___Martinez___ at ___CTF___
for the Northern District of California.

9